UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JAMES RUSSELL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SUZANNE PEERY, Warden,[1]<br><br>　　　　　Respondent. | No. 2:18-cv-2504 MCE KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Respondent moves to dismiss this action as barred by the statute of limitations and for failure to exhaust state court remedies. Petitioner filed an opposition.[2] As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] The respondent's name is changed to reflect the correct spelling of her first name: Suzanne," not Susan, as pled by petitioner. (ECF No. 15 at 1 n.1.)

[2] On March 28, 2019, plaintiff was informed that page two of his opposition was missing, and he was granted 21 days in which to submit a copy of page two. (ECF No. 22.) Twenty-one days have passed, and plaintiff has not provided page two or otherwise responded to the court's order.

1

petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled no contest to assault with a firearm and admitted the prior strike and gun enhancement allegations. (ECF No. 1 at 1.) On February 11, 2016, petitioner was sentenced to a determinate term of seven years in state prison. (ECF No. 16-1 at 1.)

2. Petitioner did not file an appeal.

3. Petitioner did not file a petition for review in the California Supreme Court.

4. Petitioner filed a petition for Proposition 47 resentencing in the Sacramento County Superior Court on July 21, 2017.[3] (ECF No. 16-2 at 23.) On August 2, 2017, the petition was denied "due to ineligible conviction(s)." (ECF No. 16-3 at 1-2.)

5. On September 19, 2017, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 16-4 at 6.) On February 7, 2018, the petition was denied. (ECF No. 16-5 at 1-2.)

////
////

---

[3] All of the petitions filed by petitioner were given benefit of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

6. On April 6, 2018, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 16-6 at 7.) The state appellate court denied the petition on April 26, 2018. (ECF No. 16-7 at 1.)

7. On May 8, 2018, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 16-8 at 12.) The petition was denied on August 22, 2018, without comment. (ECF No. 16-9 at 1.)

8. On September 9, 2018, petitioner filed the instant federal petition. (ECF No. 1 at 16.)

IV. Statutory Tolling

Because petitioner did not file an appeal after his sentencing on February 11, 2016, his "time for seeking direct review" under § 2244(d)(1)(A) expired sixty days after that date, April 11, 2016. See Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). The one year limitations period began running the next day, April 12, 2016. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, absent tolling, the statute of limitations expired on April 12, 2017. Giving petitioner the benefit of the September 9, 2018 date he signed the federal petition, the petition was filed over sixteen months after the federal limitations period expired.

Petitioner's first state court petition was filed on July 21, 2017, three months after the limitations period expired. Indeed, all of petitioner's state court collateral challenges were filed after the limitations period expired on April 12, 2017. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823 ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez, 276 F.3d at 482.

Thus, petitioner is not entitled to statutory tolling.

V. Equitable Tolling

In his opposition, petitioner does not dispute the date of his state court filings or dates argued in respondent's motion to dismiss, and he does not contend that an alternative start date for the limitations period applies. Indeed, as noted in the court's prior order, petitioner's opposition was incomplete, missing the page in which he was ostensibly going to present facts in

opposition to the motion, but petitioner failed to rectify the omission.  In his petition, he argues that he "was unaware there was a timeline for filing." (ECF No. 1 at 15.)  Thus, the undersigned construes this as petitioner's argument that he is entitled to equitable tolling because he is a lay person unfamiliar with the law.

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).  "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653.  It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

The Ninth Circuit has repeatedly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (a prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); Baker v. California Dept. of Corrections, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition.")  Thus, petitioner is not entitled to equitable tolling because he was ignorant of the law or the statute of limitations period because such circumstances are not extraordinary. Rasberry, 448 F.3d at 1154.

Therefore, the undersigned finds that petitioner has not met his burden of demonstrating he is entitled to equitable tolling.

////

////

5

VI. Failure to Exhaust

Because the court finds that the petition is barred by the statute of limitations, the court need not address respondent's argument that petitioner failed to exhaust all of the claims raised in his federal petition.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 15) be granted; and

2. This action be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 6, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/russ2504.mtd.hc.sol

6